IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

Civil Action No. 3:18-cv-00022

| | |
|---|---|
| SEALED AIR CORPORATION, as Plan Administrator of the SEALED AIR CORPORATION HEALTH AND WELFARE PROGRAM FOR ACTIVE EMPLOYEES,<br><br>Plaintiff,<br><br>v.<br><br>RHONDA EAGLE, and STRONG, GARNER & BAUER, P.C.,<br><br>Defendants. | COMPLAINT FOR:<br>1. EQUITABLE RELIEF PURSUANT TO 29 U.S.C. §1132(a)(3)<br>2. DECLARATORY RELIEF;<br>3. ATTORNEYS FEES AND COSTS. |

For its Complaint against Defendants Rhonda Eagle and Strong, Garner & Bauer, P.C., the Plaintiff, Sealed Air Corporation, as Plan Administrator of the Sealed Air Corporation Health and Welfare Program for Active Employees, avers and states as follows:

## BACKGROUND

1. This is an action under section 502(a)(3) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"), 29 U.S.C. §1132(a)(3) for equitable relief to remedy violations of the Sealed Air Corporation Health and Welfare Program for Active Employees (sometimes hereinafter referred to as the "Plan"), which is a self-funded employee welfare benefit plan within the meaning of 3(a) of ERISA, 29 U.S.C. § 1002(1).

2. The Plan has paid benefits on behalf of Rhonda Eagle for injuries she sustained in a January 30, 2017 automobile accident. The Plan seeks equitable relief in the form of a constructive trust and/or equitable lien by agreement upon amounts held by Rhonda Eagle and Strong, Garner & Bauer, P.C. that belong in good conscience to the Plan.

3. This is an action, in part, for equitable relief and the imposition of a constructive trust and/or equitable lien over identifiable funds in the possession or constructive possession of the Defendants.

## JURISDICTION AND VENUE

4. Subject matter jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331. The Court has the exclusive subject matter jurisdiction over this action, pursuant to 29 U.S.C. § 1132(e)(1).

5. Venue in this Court is proper, pursuant to 29 U.S.C. § 1132(e)(2), because the Plan is administered within this district.

## THE PARTIES

6. Plaintiff, Sealed Air Corporation, is Plan Administrator of the Sealed Air Corporation Health and Welfare Program for Active Employees which is administered at 8215 Forest Point Boulevard, Charlotte, NC 28273.

7. This is a civil action under 29 U.S.C. §1132(a)(3), by a "fiduciary," as defined under 29 U.S.C. §1002(21)(A), to (i) enjoin acts or practices which violate the provisions of Subchapter I of ERISA and the terms of the Plan, and (ii) to obtain other appropriate equitable relief to redress such violations. Therefore, federal jurisdiction exists under 29 U.S.C. §1132(e)(1)

8. Plaintiff is authorized to bring this action on behalf of all Plan participants and beneficiaries to enforce the terms of the Plan and to protect the assets of the Plan under 29 U.S.C. § 1132(a)(3) and federal common law.

9. Upon information and belief, Rhonda Eagle for the periods of time relevant to this Complaint was a covered participant in the Plan and is an adult resident of the State of Kansas and may be served at 1702 Parallel Street, Atchison, Kansas 66002.

10. Upon information and belief, Strong, Garner & Bauer, P.C. for the periods of time relevant to this Complaint, is a foreign professional corporation and law firm that represents Rhonda Eagle. It is a Missouri resident and may be personally served c/o Neil Chanter, 415 E. Chestnut Expressway, Springfield, MO 65802. This Defendant is a necessary party to this litigation as it is a trustee of the Rhonda Eagle settlement funds and is in actual and/or constructive control of the funds, and is named as a Defendant to ensure that full relief may be granted in accordance with the prayer for relief.

## FACTUAL ALLEGATIONS

11. Plaintiff re-alleges and incorporates herein by reference the allegations of paragraphs 1 through 10 of the Complaint as if each paragraph were fully set forth verbatim herein.

12. At all times relevant to this Complaint, Rhonda Eagle was a participant and covered person under the terms of the Plan.

13. On or around January 30, 2017, Rhonda Eagle sustained injuries as a result of an automobile accident in Missouri.

14. Rhonda Eagle filed claims against the parties responsible for her injuries and damages sustained as a result of the automobile accident, including medical expenses paid by the Plan.

15. The Plan has paid medical expenses in the amount of $439,065.72 on behalf of Rhonda Eagle for injuries she sustained as a result of the automobile accident and seeks to recover these monies from the Defendants to the fullest extent they have recovered monies from the party(ies) responsible for Rhonda Eagle's injuries.

16. Further, the Program's Plan Benefits, enumerated in Article 4.4, includes subrogation and reimbursement provisions as follows:

Subject to the provisions of any applicable insurance contract between the Company and an Insurance Carrier which explicitly provides to the contrary, the benefits to which any person is otherwise entitled under any Component Plan will be provided to such person subject to the subrogation provisions of the Component Plan.

The Plan does not provide primary coverage for expenses associated with an injury or illness caused or worsened by the action of any third party which gives rise to a claim against that party, nor does it provide primary coverage for such expenses to the extent that there is other applicable coverage from a source other than the Plan (including, but not limited to, medical benefits under an automobile insurance policy). In the event that an individual receiving benefits under the Plan ("Covered Individual") sustains an injury or illness as a result of an action of a third party, and the Plan pays for costs associated with such injury or illness, the Plan has the rights of subrogation and reimbursement described in this Section.

a) **Subrogation Rights.** The Plan has the right to be subrogated to the Covered Individual's rights against any third parties which arise from such injury or illness.

b) **Reimbursement Rights.** The Plan has the right to be fully reimbursed (to the extent of benefits paid) by the Covered Individual if such Covered Individual obtains any financial recovery from any source, including such Covered Individual's own insurance carrier or another welfare benefit plan (such as a disability plan, if any) sponsored by the Employer, whether by judgment, settlement, award, government or worker's compensation benefits, or otherwise, on account of such injury or illness, and the Plan has a lien on any such recovery. Also, by accepting benefits under the Plan in connection with such an injury or illness, the Covered Individual assigns any recovery to the Plan and authorizes such Covered Individual's attorney, personal representative, or Insurance Company to reimburse the Plan. The Plan is entitled to full reimbursement:

   i. Before the Covered Individual is entitled to retain any part of such financial recovery, regardless of the stated reason for the financial recovery or whether the Covered Individual has other costs or suffered other injuries not paid for or compensated by the Plan (not-withstanding any "Make Whole Doctrine");

   ii. Without regard to any claim of fault on the part of the Covered Individual, whether under comparative negligence or otherwise;

   iii. Without reduction for attorneys' fees and other costs incurred by the Participant or Dependent in making a recovery without the prior express written consent of the Plan (not-withstanding any "Fund Doctrine", "Common Fund Doctrine", or "Attorneys' Fund Doctrine"); and

   iv. Notwithstanding that the recovery to which the Plan is subrogated is paid to a decedent, a minor, a decedent's estate, or an incompetent or disabled person.

c) **Requirements for Covered Individuals to Receive Benefits.** Notwithstanding any other provision of the Plan to the contrary, the payment of benefits under the Plan on account of an injury or illness as a result of an action of a third party is contingent on the Covered Individual:

i. Informing the Plan Administrator of the action to be taken by the Covered Individual;

ii. Agreeing (in such form and to such documents as the Plan may require) to the Plan being reimbursed from any recovery from a third party and subrogated to any right of recovery the Covered Individual has against a third party;

iii. Refraining from action which would prejudice the Plan's subrogation rights (including, but not limited to, making a settlement which specifically reduces or excludes, or at-tempts to reduce or exclude, the benefits provided by the Plan); and

iv. Cooperating in doing what is reasonably necessary to assist the Plan in any recovery.

If the Covered Individual should fail or refuse to comply with this Section, the Covered Individual is not entitled to benefits under the Plan and must reimburse the Plan for any and all costs and expenses, including attorneys' fees, incurred by the Plan in enforcing its rights hereunder. The Plan may determine not to exercise all of the reimbursement and/or subrogation rights described in this Section in certain types of cases, with respect to certain covered groups, or with respect to certain geographic areas, without waiting its right to enforce its rights in the future as to other groups or in other geographic areas.

(Sealed Air Health and Welfare Program for Active Employees, pp.10-12)

17. The Summary Plan Description (SPD), among other things, contains language requiring Rhonda Eagle or her attorneys (Chandler Gregg of Defendant Strong, Garner & Bauer, P.C.) to hold settlement funds in trust, and that failing to do so is a breach of contract, allowing the Plan to terminate benefits.

18. Attorney Chandler Gregg requested from both Cigna (the Third Party Administrator for the Plan) and Conduent Payment Integrity Solutions (the subrogation/reimbursement agent for the Plan, hereinafter referred to as "Conduent") a copy of the "health insurance policy" under which Rhonda Eagle was covered. He noted his request was made in an "abundance of caution" to determine whether any reimbursement rights exist.

19. Conduent requested Attorney Gregg direct his request to Sealed Air, and Sealed Air responded to Attorney Gregg's request for documents supporting the Plan's subrogation or reimbursement interest. Sealed Air provided to Attorney Gregg:

5

- The Plan document for the Sealed Air Corporation Health and Welfare Program for Active Employees, under which the Health Plan is a component
- The first and second Amendments to the Program
- The Summary Plan description for the Program
- The Sealed Air Annual Enrollment Guide for 2016 benefits and the related newsletter
- The Sealed Air Annual Enrollment Guide for 2017 benefits and the related newsletter
- The 2015 Form 5500 for the Program
- The Summary Annual Report for the Health and Welfare Program
- A sample of the new hire materials provided to Ms. Eagle upon commencement of her employment

20. Documents requested by Attorney Gregg that were not included in the materials provided were identified with an explanation of why the request was inapplicable or why the document was unable to be produced.

21. Attorney Gregg never agreed to hold settlement funds in trust or confirmed whether, if funds are held in trust, that those funds are sufficient to adequately reimburse Plaintiff.

22. Further, via email to Plaintiffs' counsel dated January 3, 2018, Attorney Gregg refused to divulge the amount of the settlement funds still held in his trust account, leaving Plaintiffs without the ability to determine whether improper disbursements had been made of the funds.

23. Upon information and belief, the Defendants have settled claims against the party(ies) responsible for Rhonda Eagle's injuries for an amount in excess of the Plan's lien,

6

4830-5953-0842.3
Case 3:18-cv-00022-GCM-DCK   Document 1   Filed 01/16/18   Page 6 of 12

believed to be $2,000,000.00. Though the Defendants have recovered settlement funds, they have refused to fully honor the Plan's first priority reimbursement claim.

## COUNT I
## CLAIMS FOR RELIEF UNDER 29 U.S.C. § 1132(a)(3)

24. Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 23 of the Plaintiff's Complaint as if each paragraph were fully set forth verbatim herein.

25. The Plan has a right to reimbursement of medical expenses it paid on behalf of Rhonda Eagle from any and all settlement(s) received from parties responsible for her injuries up to the sum of $439,065.72.

26. The terms of the Plan are binding upon Defendant Eagle as a Plan participant and covered person and require assignment of recovery to the Plan, as well as authorization of the Participant's attorney to reimburse the Plan (Sealed Air Program, p. 10 ¶ 4.4(b)) and reimbursement from third party recovery (Id. at ¶ 4.4(c)(ii))

27. The Defendant's agreement to reimburse creates an equitable lien by agreement over any subsequent recovery from another party.

28. Upon information and belief, the Defendants are in possession and/or constructive possession of funds to which they are not entitled, and that belong in good conscience to the Plan.

29. In this case, the Plan has a right to reimbursement of medical expenses it paid on behalf of Rhonda Eagle from any and all settlement(s) received from parties responsible up to the sum of $439,065.72.

30. Although the Plaintiff has requested that the Defendants reimburse the Plan, the Defendants have refused to turn over the portion of the settlement funds as required by the terms of the Plan. Defendants' refusal violates the terms of the Plan and ERISA. Plaintiff is entitled to equitable restitution in the form of a constructive trust or equitable lien by agreement with respect

to the disputed funds controlled by the Defendants.

31. As a result of Defendants' violation of the terms of the Plan, Plaintiff has been injured. The Plan and Plan Administrator in its capacity as fiduciary of the Plan, therefore seek all appropriate equitable relief, pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), to enforce the terms of the Plan.

32. Pursuant to 1132(a)(3), there is no limit identified regarding who may be a named defendant in an action to recover for damages related to an ERISA violation. Section 1132(a)(3) "admits of no limit (aside from the 'appropriate equitable relief' caveat ...) on the universe of possible defendants." *Harris Trust & Sav. Bank v. Salomon Smith Barney, Inc.,* 530 U.S. 238, 246, 120 S.Ct. 2180, 147 L.Ed.2d 187 (2000). "[T]he focus, instead, is on redressing the *'act or practice'* which violates any provision of [ERISA Title I]." *Id.* (quoting 29 U.S.C. § 1132(a)(3)) (emphasis in original). *Barnhill Contracting Co. v. Oxendine*, 105 F. Supp. 3d 542, 547 (E.D.N.C. 2015)

33. Defendants have been named in this action in order to prevent initial or further disbursement of funds received toward settlement in Ms. Eagle's personal injury action. A portion of these funds belongs to the Plan pursuant to the subrogation and/or reimbursement provisions outlined above.

## COUNT II
## DECLARATORY RELIEF PURSUANT TO 28 U.S.C. § 2201

34. Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 33 of the Plaintiff's Complaint as if each paragraph were fully set forth verbatim herein.

35. The Plan has an enforceable right to reimbursement for medical expenses it paid on behalf of Rhonda Eagle out of any and all settlement fund(s) the Defendants have received for Rhonda Eagle's injuries.

36. Defendants agreed to refrain from any action that would prejudice the Plan's subrogation rights, including making a settlement that does or attempts to reduce or exclude Plan benefits. Defendants also agreed to cooperate in doing what is reasonably necessary to assist the Plan in recovery. (Sealed Air Health and Welfare Program for Active Employees, p. 11, Section 4.4c)(iii-iv)).

37. Defendants breached these obligations by settling with the responsible party(ies) without accounting for the Plan's interest.

38. Should Defendants fail to comply with Program provisions, the Covered Individual must reimburse the Plan for any and all costs and expenses, including attorneys' fees, incurred by the Plan in enforcing its rights. *Id.* at c).

39. The Plan has attempted to enforce its right to reimbursement by asserting a lien on any recovery received by the Defendants.

40. The Defendants' continued refusal to honor the terms of the Plan, and continued actions that prejudice the Plan's right of reimbursement are violations of the Plan's terms and a breach of the Defendants' obligations to the Plan.

41. The SPD required settlement funds to be kept in trust by Defendants.

42. If settlement funds have not been held in trust, it constitutes a breach of contract per the plan.

43. If Defendants breached the SPD, Plaintiff is entitled remedies including, but not limited to, termination of benefits.

44. The Plaintiff seeks a declaratory judgment from the Court construing the subrogation and reimbursement provisions within the Plan and the inapplicability and preemption of the "make-whole" and "common fund" doctrines by ERISA such that the Plan is entitled to

9

4830-5953-0842, v. 1

first priority reimbursement of the benefits it paid on behalf of Rhonda Eagle from the proceeds of any and all settlement(s) with the responsible third party(ies) that the Defendants have received for Rhonda Eagle's injuries.

45. The Plaintiff further seeks a declaration that it may terminate benefits, and is entitled to other relief as stated in the SPD.

## COUNT IV
## ATTORNEYS' FEES AND COSTS

46. Plaintiff re-alleges and incorporates herein by reference the allegations of paragraphs 1 through 45 of the Plaintiff's Complaint as if each paragraph were fully set forth verbatim herein.

47. Plaintiff seeks its actual attorneys' fees and costs, pursuant to 29 U.S.C. §1132(g).

48. Plaintiff is also entitled to its actual attorneys' fees and costs pursuant to the terms of the Subrogation provision within the Plan.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, Sealed Air Corporation, as Plan Administrator of the Sealed Air Corporation Health and Welfare Program for Active Employees requests the following:

A) The imposition of an *in rem* constructive trust and/or equitable lien by agreement in favor of the Plan in the amount of $439,065.72 from the proceeds of any and all settlement(s), plus accrued interest, in the possession of the Defendants and/or their attorneys, agents or representatives;

B) A declaration of the Plan's ownership of the above-referenced settlement funds in the amount of $439,065.72 representing the full amount of payments made by the Plan on behalf of Rhonda Eagle;

C) An accounting of the disposition of any recoveries obtained by the Defendants or proof

that the $439,065.72 remains in the Defendants' accounts pending final resolution of Plaintiff's claims;

D) An order declaring further plan benefits are terminated, or other relief provided by the SPD, if sufficient funds are not in Defendant's accounts.

E) An order enjoining the Defendants from transferring or disposing of any settlement funds which would prejudice, frustrate or impair Plaintiff's ability to recover same;

F) An order directing the Defendants to turn over the proceeds of the settlement up to $439,065.72 to the Plan, plus accrued interest;

G) Other and further equitable relief to which the Plaintiff may be entitled, including but not limited to specific performance, which may be necessary for the Defendants to comply with their obligations under the terms of the Plan;

H) Exemplary damages against Strong, Garner & Bauer, P.C.;

I) Awarding Plaintiff, Sealed Air Corporation, as Plan Administrator of the Sealed Air Corporation Health and Welfare Program for Active Employees pre- and post-judgment interest, costs and attorneys' fees; and

J) Any other relief as this Court may deem just and proper.

Dated this 16th day of January, 2018.

By: /s/ Benton L. Toups  
BENTON L. TOUPS  
N.C. State Bar No. 28910  
CRANFILL SUMNER & HARTZOG LLP  
319 N. 3rd Street, Suite 300  
Wilmington, NC  28401  
Telephone:  (910) 777-6000  
Facsimile:  (910) 777-6111  
E-mail: btoups@cshlaw.com

Timothy L. Pagel, Esq.*
Wisconsin Bar No. 1064364
MATTHIESEN, WICKERT & LEHRER, S.C.
1111 E. Sumner Street
P.O. Box 270670
Hartford, WI 53027
Telephone: (262) 673-7850
Facsimile: (262) 673-3766
E-mail: tpagel@mwl-law.com
*Pro Hac Vice admission to follow

*Attorneys for Plaintiff, Sealed Air Corporation, as Plan Administrator of the Sealed Air Corporation Health and Welfare Program for Active Employees*